UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20632-CR-SCOLA

CHRISTOPHER R. GLENN,
v.
UNITED STATES OF AMERICA /

FILED by _____ D.C.
JAN 30 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## MOTION IN LIMINE TO EXCLUDE TESTIMONIAL HEARSAY STATEMENTS AND REQUEST FOR EVIDENTIARY HEARING AND RULE 17(B) SUBPOENA TO DETERMINE RELIABILITY OF WITNESS TESTIMONY

The Defendant *Pro-se*, pursuant to rules 801, 803, 401, and 403 of the Federal Rules of Evidence as well as the Confrontation Clause of the Sixth Amendment & Due Process clause of the Fifth Amendment of the United States Constitution, respectfully requests that this Honorable court grant this motion in limine excluding all testimonial hearsay witness statements of unavailable declarants. In support, Mr. Glenn states as follows:

1. The Defendant was accused in case 14-80031-CR-MARRA of Espionage in violation of 18 U.S.C. § 1030(a) (1) and 18 U.S.C. § 793(e).

2. As the Court is aware, on August 22, 2015 the Prosecution indicted the defendant charging the defendant with 18 U.S.C. § 2423(b) (Travel with Intent to Engage in Illicit Sexual Conduct) and 18 U.S.C. §§ 2252(a)(4)(A) and 3261(a)(1) (Possession of Child Pornography; Criminal Offense committed by Person Employed by the Armed Forces Outside of the United States).

3. April 12, 2016 in bad faith the prosecution filed a superseding indictment and maliciously fabricated several supposed "victims" and accused the Defendant of eleven (11) charges, ten (10) of which carry a life sentence in prison for allegedly committing such repulsive crimes which the Defendant is innocent of. The Defendant has accused the FBI agents and prosecutors for the Southern District of Florida of paying witnesses to fabricate "victims" in a case where they are attempting to incarcerate the Defendant for the rest of his life in prison.

4. The accusations in case 15-20632-CR-RNS are a result of wanting to convert normal relationships into criminal acts with the sole purpose of distracting and covering up the truth regarding the violations and illegalities which occurred in the previous Espionage case, 14-80031-CR-KAM. The change in counts found in the Superseding indictment when compared to the counts from the original indictment speaks for itself as to the bad faith in which the prosecutors have acted.

5. On January 20, 2017 a suppression hearing was held where the Prosecutor indicated she did NOT intend on producing various individuals to testify in trial, some of whom were identified in text messages as being

1

recipients of astronomical bribes paid by investigators in this case in exchange for providing false declarations against the Defendant. Specifically, the prosecution has represented they do NOT intend on producing Individuals **B, C, E, K**, individual **Y.M.C.M**[1], individual **K.J.A.B.**, alleged coconspirators **G.M., C.M., C.Y.V.L.**

6. The Defendant has amassed plentiful reliable evidence which demonstrates that *Sinia Suyapa Orellana Gonzalez*, as well as the aforementioned individuals along with several members of their families have received payments in cash by U.S. and Honduran authorities, while others have received threats, physical abuse, intimidation and coercion by law enforcement agents in order to secure false declarations and testimony against the Defendant in this case. The Defendant made these facts aware to the prosecution, to the public and to this Honorable Court of Justice during the Suppression hearing of 1/20/2017 and provided a small sample of evidence to support these accusations in his *pro-se* filings docketed in this case.

7. The Defendant now requests from this Honorable Court of *JUSTICE* to preclude the prosecution from introducing any "testimonial" statements which were illegally and unethically secured by U.S. and Honduran authorities[2] for the purpose of eliciting information to be used in an investigation. Should the prosecution fail to produce any of these declarants for trial any statements made by said declarants must be considered as ***ACCUSATORY TESTIMONIAL HEARSAY*** statements considering the Defendant will not be able to cross-examine the witnesses, the statements should be excluded as such introduction would violate the Defendant's Sixth Amendment Confrontation Clause right. Prior to the Supreme Court's decision on March 8, 2004, in Crawford v. Washington, 124 S. Ct. 1354 (2004), the "admission of out-of-court statements... [was] governed by the holding in Idaho v. Wright, 497 U.S. 805 (1990)." United States v. Sumner, 204 F.3d 1182, 1185 (9th Cir. 2000). After the decision in Crawford this Court must make a legal determination whether the out-of-court hearsay statements are testimonial.

8. The Defendant now seeks from this Honorable Court of JUSTICE an order which precludes the prosecution from admitting the numerous *unreliable* hearsay statements produced under coercion which the prosecution intends on introducing in trial; the statements are contrary to the requirements of the Sixth Amendment Confrontation Clause of the United States Constitution and Due Process afforded to Criminal Defendants during trial. Additionally, the numerous *unreliable* hearsay statements produced under coercion offend the rules 801, 803,

---

[1] Y.M.C.M. is the sister of Individual J who was present with the Defendant's wife Sinia Suyapa Orellana Gonzalez during the illegal joint venture search in the Defendant's residence in March, 2014
[2] Wessley Floyd, Liliam Lizeth Alvarado Lopez, and Claudia Maribel Cruz Martinez

401, and 403 of the Federal Rules of Evidence. The Defendant requests that this Court abide by the Confrontation Clause requirements. Unless a declarant testifies in person via LIVE UNOBSTRUCTED means at trial and is subject to cross-examination, all out-of-court statements should be considered hearsay and excluded.

9. *Idaho v. Wright* held that the Confrontation Clause barred the admission of out-of-court hearsay statements unless the declarant was unavailable and the out of court statement bears "adequate indicia of reliability." *Wright*, 497 U.S. at 814-15, citing *Ohio v. Roberts,* 448 U.S. 56, 65-66 (1980). On March 8, 2004, the Supreme Court overruled *Ohio v. Roberts* and has implicitly overruled some aspects of *Idaho v. Wright. Crawford v. Washington*, 124 S. Ct. 1354 (2004.).

10. *Crawford v. Washington* held that when a declarant does not testify at trial, her out-of-court testimonial uncross-examined statements are not admissible at trial regardless of any exception to the hearsay rule or reliability finding. *Crawford*, 124 S. Ct. at 1374. The Court excluded a statement made by Crawford's wife during police questioning. The Court did not define or limit the parameters of all "*testimonial*" statements. The Court's holding indicated that this category includes much more than actual sworn testimony given during judicial proceedings. Id, 124 S. Ct. at 1364-65.

11. The Defendant has amassed evidence which shows that U.S. and Honduran authorities have engaged in illegal conduct applying coercion, intimidation through physical and verbal abuse, bribery, and have conducted suggestive interview techniques with the witnesses in this case – all for the purpose of soliciting false testimony and declarations to support their fabricated charges against the Defendant and secure an unjust and Unconstitutional conviction based on *false* and *prejudicial* fabricated statements.

## CREDIBILITY V. RELIABILITY

While a jury properly determines the credibility of witnesses in trial, when the *reliability* of witness testimony is challenged as in this case where law enforcement agents have gone far beyond planting suggestive questions to witnesses and actually engaged in conduct which shocks the judicial conscience including engaging in bribery, coercion, and physically assaulting witnesses – the prosecution has opened a door which requires a legal determination by the District Judge as to whether the witness testimony is *unreliable*. The defense has challenged the *origin* of the inculpatory statements provided by witnesses as *unreliable*. While witnesses may be deemed *"credible"* by a jury, if their testimony is *unreliable* as a matter of law, they should not be permitted to repeat *false* testimony to a jury if, during an evidentiary hearing on an exclusion motion, it is determined by the Judge that law enforcement agents engaged in illegal tactics including coercion, bribery, intimidation, threats through physical & verbal abuse and assault against the same witnesses they intend on producing to testify in trial from whom they have secured tainted declarations and testimony during the course of the investigation. Such testimony during trial would be considered prejudicial and *unreliable*. The Defendant has collected proof that law enforcement agents have planted several inculpatory responses to questions agents' asked witnesses[3] during and in advance of their interviews by indicating to witnesses what sort of responses they should give during the interviews and during trial.

The Defendant requests the presence of key witnesses be present during the evidentiary hearing as the Defendant and his witnesses have considerable evidence to support Defendant's accusations and are prepared to present this evidence during the evidentiary hearing in order for this Court to make a pretrial determination as to the *unreliability* of the statements of witnesses and witness testimony the prosecutor has proffered she intends to introduce during trial in order to Unconstitutionally prejudice the jury.

## CONCLUSION

WHEREFORE, the *pro-se* Defendant, in accord with the Federal Rules of Evidence, the Due Process Clause of the Fifth Amendment, and Confrontation Clause of the Sixth Amendment, respectfully requests that this Honorable Court of *JUSTICE* order:

1. The exclusion of *all* testimonial hearsay statements of unavailable witnesses.
2. The issuance of a Rule 17(b) Subpoena permitting the Defendant to secure domestic and foreign business records which will further support his accusations; specifically the Defendant seeks the *SMS*

---

[3] Fabricated alleged "victims"

↳ *text messages* from the cell phone carrier and the "*WhatsAPP*" text messages during 10/2013 – present for the following individuals who have committed blatant acts of bribery and coercion evidenced by the Defendant in the January 20, 2017 Suppression hearing. The following individuals have acted unethically towards witnesses in this criminal case and as such further investigation into their unethical conduct is warranted:

   i. *Liliam Lizeth Alvarado Lopez* (TIGO & WHATSAPP ACCOUNTS *XXXXXXX 2405*)
   ii. *Claudia Maribel Cruz Martinez* (TIGO & WHATSAPP ACCOUNTS *XXXXXXX 1980*)
   iii. *Bessy Yaselin Talavera* (TIGO & WHATSAPP ACCOUNTS *XXXXXXX 6384*)
   iv. *Wessley Floyd* (TIGO & WHATSAPP ACCOUNTS *XXXXXXX 8402*)

3. An evidentiary hearing with the presence of the following foreign witnesses[4] already scheduled to testify in trial to make a pretrial determination as to the *unreliability* of the prosecutor's witnesses and their testimony based on evidence the Defendant has amassed clearly showing that U.S. and Honduran authorities have threatened, physically abused, intimidated and coerced witnesses in order to secure false declarations and testimony against the Defendant in this case, all of which the Defendant and his witnesses are able to produce during the evidentiary hearing:

   v. Sinia Suyapa Orellana Gonzalez
   vi. Individual Y.M.C.M
   vii. Individuals A-J
   viii. Liliam Lizeth Alvarado Lopez
   ix. Claudia Maribel Cruz Martinez
   x. Bessy Yaselin Talavera

4. What this Court considers opportune and to be in the best interest of **JUSTICE**

Respectfully Submitted,

//s// Christopher Glenn

**Christopher Glenn**
Reg. No. 04919-104
FDC Miami

**Certificate of Service**

I hereby certify that this document was placed in the custody of the staff of BOP for outgoing US Mail pursuant to the "prison mailbox rule" to be mailed to the United States District Court, Southern District of Florida (Robert Scola Court), ATTN: Office of the Clerk, 400 North Miami Avenue, Miami, Florida 33128-7716.

---

[4] As previously requested in connection with the Defendant's request to proceed pro-se on 1/5/2017, the Defendant respectfully requests the Court Order the U.S. Marshals to produce *Ricardo A. Ballesteros* (the Defendant's lay assistant) to be present at the defense table in order to prepare interrogatories and cross examinations of the witnesses during the hearing.

5

Christopher Glenn 04929-004
FDC Miami
P.O. BOX 019120
Miami, FL 33101

LEGAL CORRESPONDENCE
USMS
INSPECTED    RECEIVED

25 JAN 2017



JAN 28 2017
11:49 AM

United States District Court
for the Southern District of Florida
(Honorable Robert Scola Court)
ATTN: Office of the Clerk
400 North Miami Avenue
Miami, FL 33128-7716

33128-771699