UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>15-CR-20632-SCOLA(s)</u>

UNITED STATES OF AMERICA

v.

**CHRISTOPHER RENNIE GLENN,**
    a/k/a "Fernando Albergue,"
    a/k/a "Derek John Michael,"
    a/k/a "Yusef,"
    a/k/a "El Gringo,"
        Defendant.
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1
18 U.S.C. §§ 1594(c), 1596(a)(1) and 3271(a)
(Conspiracy to Engage in Sex Trafficking by Fraud and of a Minor;
Additional Extraterritorial Jurisdiction; and Trafficking in Persons Offense
Committed by Person Employed by the Federal Government Outside of the United States)

From in or around February 2010, through in or around June 2010, outside the United States in Comayagua, Honduras, and elsewhere, with Miami-Dade County, in the Southern District of Florida, being the district in which the offender was first arrested, the defendant,

**CHRISTOPHER RENNIE GLENN,**
a/k/a "Fernando Albergue,"
a/k/a "Derek John Michael,"
a/k/a "Yusef,"
a/k/a "El Gringo,"

a national of the United States, as defined in Title 8, United States Code, Section 1101, while employed by the Federal Government outside the United States, as defined in Title 18, United States Code Section 3272, did engage in conduct outside of the United States that would constitute an offense under chapter 77 of Title 18, United States Code, if the conduct had been

engaged in within the special maritime and territorial jurisdiction of the United States, that is: did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to knowingly, in and affecting foreign commerce, recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, knowing, and in reckless disregard of the fact, that means of fraud would be used to cause such person to engage in a commercial sex act, and that such person had not obtained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(l), (b)(1) and (b)(2); all in violation of Title 18, United States Code, Sections 1594(c), 1596(a)(1), and 3271(a).

## COUNT 2
**18 U.S.C. §§ 1594(a), 2, 1596(a)(1), and 3271(a)**
**(Attempt to Engage in Sex Trafficking by Fraud and of a Minor;**
**Additional Extraterritorial Jurisdiction; and Trafficking in Persons Offense**
**Committed by Person Employed by the Federal Government Outside of the United States)**

Sometime between in or around February 2010 and March 2010, outside the United States in Comayagua, Honduras, and elsewhere, with Miami-Dade County, in the Southern District of Florida, being the district in which the offender was first arrested, the defendant,

**CHRISTOPHER RENNIE GLENN,**
a/k/a "Fernando Albergue,"
a/k/a "Derek John Michael,"
a/k/a "Yusef,"
a/k/a "El Gringo,"

a national of the United States, as defined in Title 8, United States Code, Section 1101, while employed by the Federal Government outside of the United States, as defined in Title 18, United States Code, Section 3272, did engage in conduct outside of the United States that would constitute an offense under chapter 77 of Title 18, United States Code, if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States, that is:

did knowingly, in and affecting foreign commerce, attempt to recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, that is, MINOR D, knowing, and in reckless disregard of the fact, that means of fraud would be used to cause MINOR D to engage in a commercial sex act, and that MINOR D had not obtained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1594(a), 1591(b)(1), 1591(b)(2), 2, 1596(a)(1), and 3271(a).

**COUNT 3**
**18 U.S.C. §§ 2243(a) and 3261(a)(1)**
**(Sexual Assault of a Minor; Criminal Offense Committed by Person**
**Employed by the Armed Forces Outside of the United States)**

In or around March 2010, outside the United States in Comayagua, Honduras, and elsewhere, with Miami-Dade County, in the Southern District of Florida, being the district in which the offender was first arrested, the defendant,

**CHRISTOPHER RENNIE GLENN,**
a/k/a "Fernando Albergue,"
a/k/a "Derek John Michael,"
a/k/a "Yusef,"
a/k/a "El Gringo,"

while employed by the Armed Forces outside of the United States, as defined in Title 18, United States Code, Section 3267, did engage in conduct outside of the United States that would constitute an offense punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States, that is: did knowingly engage in a sexual act, as that term is defined in Title 18, United States Code, Section 2246(2), with another person, that is, MINOR D, who had attained the age of 12 years but had not attained the age of 16 years, and was at least four years younger than the defendant, in violation of Title 18, United States Code, Sections 2243(a) and 3261(a)(1).

## COUNT 4
## 18 U.S.C. §§ 1591(a)(1), 1596(a)(1), and 3271(a)
### (Sex Trafficking by Fraud and of a Minor; Additional Extraterritorial Jurisdiction, and Trafficking in Persons Offense Committed by Person Employed by the Federal Government Outside of the United States)

From in or around March 2010, through in or around June 2010, outside the United States in Comayagua, Honduras, and elsewhere, with Miami-Dade County, in the Southern District of Florida, being the district in which the offender was first arrested, the defendant,

**CHRISTOPHER RENNIE GLENN,**
a/k/a "Fernando Albergue,"
a/k/a "Derek John Michael,"
a/k/a "Yusef,"
a/k/a "El Gringo,"

a national of the United States, as defined in Title 8, United States Code, Section 1101, while employed by the Federal Government outside of the United States, as defined in Title 18, United States Code, Section 3272, did engage in conduct outside of the United States that would constitute an offense punishable under chapter 77 of Title 18, United States Code, if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States, that is: did knowingly, in and affecting foreign commerce, recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, that is, MINOR F, knowing, and in reckless disregard of the fact, that means of fraud would be used to cause MINOR F to engage in a commercial sex act, and that MINOR F had not obtained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(b)(1), 1591(b)(2), 2, 1596(a)(1), and 3271(a).

4

## COUNT 5
## 18 U.S.C. §§ 1594(c) and 1596(a)(1)
### (Conspiracy to Engage in Sex Trafficking by Fraud and of a Minor; Additional Extraterritorial Jurisdiction)

From in or around March 2012, through on or about February 27, 2014, outside the United States in Comayagua, Honduras, and elsewhere, with Miami-Dade County, in the Southern District of Florida, being the district in which the offender was first arrested, the defendant,

**CHRISTOPHER RENNIE GLENN,**
a/k/a "Fernando Albergue,"
a/k/a "Derek John Michael,"
a/k/a "Yusef,"
a/k/a "El Gringo,"

a national of the United States, as defined in Title 8, United States Code, Section 1101, did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to knowingly, in and affecting foreign commerce, recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, knowing, and in reckless disregard of the fact, that means of fraud would be used to cause such person to engage in a commercial sex act, and that such person had not obtained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(l), (b)(1) and (b)(2); all in violation of Title 18, United States Code, Sections 1594(c) and 1596(a)(1).

## COUNT 6
## 18 U.S.C. §§ 1591(a)(1), 2, and 1596(a)(1)
### (Sex Trafficking by Fraud and of a Minor; Additional Extraterritorial Jurisdiction)

From on or about April 7, 2012, and continuing through in or around April 2013, in Comayagua, Honduras, and elsewhere, the defendant,

5

**CHRISTOPHER RENNIE GLENN,**
a/k/a "Fernando Albergue,"
a/k/a "Derek John Michael,"
a/k/a "Yusef,"
a/k/a "El Gringo,"

a national of the United States, as defined in Title 8, United States Code, Section 1101, did knowingly, in and affecting foreign commerce, recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, that is, MINOR A, knowing, and in reckless disregard of the fact, that means of fraud would be used to cause MINOR A to engage in a commercial sex act, and that MINOR A had not obtained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(b)(1), 1591(b)(2), 2, and 1596(a)(1).

## COUNT 7
## 18 U.S.C. § 2423(b)
### (Travel with Intent to Engage in Illicit Sexual Conduct)

On or about May 19, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**CHRISTOPHER RENNIE GLENN,**
a/k/a "Fernando Albergue,"
a/k/a "Derek John Michael,"
a/k/a "Yusef,"
a/k/a "El Gringo,"

a United States citizen, did travel in foreign commerce, that is, from Miami International Airport, in Miami, Florida, to Honduras for the purpose of engaging in illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f), that is, a sexual act and a commercial sex act with MINOR A, a person under 18 years of age, in violation of Title 18, United States Code, Section 2423(b).

## COUNT 8
## 18 U.S.C. §§ 1594(a), 2, 1596(a)(1), and 3271(a)

6

**(Attempt to Engage in Sex Trafficking by Fraud and of a Minor;
Additional Extraterritorial Jurisdiction, and Trafficking in Persons Offense
Committed by Person Employed by the Federal Government Outside of the United States)**

In or around April 2012, outside the United States in Comayagua, Honduras, and elsewhere, with Miami-Dade County, in the Southern District of Florida, being the district in which the offender was first arrested, the defendant,

**CHRISTOPHER RENNIE GLENN,**
a/k/a "Fernando Albergue,"
a/k/a "Derek John Michael,"
a/k/a "Yusef,"
a/k/a "El Gringo,"

a national of the United States, as defined in Title 8, United States Code, Section 1101, while employed by the Federal Government outside of the United States, as defined in Title 18, United States Code, Section 3272, did engage in conduct outside of the United States that would constitute an offense under chapter 77 of Title 18, United States Code, if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States, that is: did knowingly, in and affecting foreign commerce, attempt to recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, that is, MINOR G, knowing, and in reckless disregard of the fact, that means of fraud would be used to cause MINOR G to engage in a commercial sex act, and that MINOR G had not obtained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1594(a), 1591(b)(1), 1591(b)(2), 2, 1596(a)(1), and 3271(a).

**COUNT 9**
**18 U.S.C. §§ 1594(a), 2, 1596(a)(1), and 3271(a)**
**(Attempt to Engage in Sex Trafficking by Fraud and of a Minor;
Additional Extraterritorial Jurisdiction, and Trafficking in Persons Offense
Committed by Person Employed by the Federal Government Outside of the United States)**

7

In or around April 2012, outside the United States in Comayagua, Honduras, and elsewhere, with Miami-Dade County, in the Southern District of Florida, being the district in which the offender was first arrested, the defendant,

**CHRISTOPHER RENNIE GLENN,**
a/k/a "Fernando Albergue,"
a/k/a "Derek John Michael,"
a/k/a "Yusef,"
a/k/a "El Gringo,"

a national of the United States, as defined in Title 8, United States Code, Section 1101, while employed by the Federal Government outside of the United States, as defined in Title 18, United States Code, Section 3272, did engage in conduct outside of the United States that would constitute an offense under chapter 77 of Title 18, United States Code, if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States, that is: did knowingly, in and affecting foreign commerce, attempt to recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, that is, MINOR H, knowing, and in reckless disregard of the fact, that means of fraud would be used to cause MINOR H to engage in a commercial sex act, and that MINOR H had not obtained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1594(a), 1591(b)(1), 1591(b)(2), 2, 1596(a)(1), and 3271(a).

**COUNT 10**
**18 U.S.C. §§ 2252(a)(4)(A) and 3261(a)(1)**
**(Possession of Child Pornography; Criminal Offense Committed by Person Employed by the Armed Forces Outside of the United States)**

Between on or about May 9, 2005, and on or about May 13, 2005, outside the United States in Al Hillah, Iraq, with Miami-Dade County, in the Southern District of Florida, being the district in which the offender was first arrested, the defendant,

**CHRISTOPHER RENNIE GLENN,**

**a/k/a "Fernando Albergue,"**
**a/k/a "Derek John Michael,"**
**a/k/a "Yusef,"**
**a/k/a "El Gringo,"**

while employed by the Armed Forces outside of the United States, as defined in Title 18, United States Code, Section 3267, did engage in conduct outside of the United States that would constitute an offense punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States, that is: did knowingly possess one or more matters which contained any visual depiction, the production of which visual depiction involved the use of a minor engaging in sexually explicit conduct, as that term is defined in Title 18, United States Code, Section 2256(2)(A), and such visual depiction was of such conduct; in violation of Title 18, United States Code, Sections 2252(a)(4)(A), 2252(b)(2), and 3261(a)(1).

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
BARBARA A. MARTINEZ
ASSISTANT UNITED STATES ATTORNEY

_____
OLIVIA S. CHOE
ASSISTANT UNITED STATES ATTORNEY

_____
VANESSA SINGH JOHANNES
ASSISTANT UNITED STATES ATTORNEY