United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America,<br>Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Case No. 15-20632-CR-Scola |
| | ) | |
| Christopher Rennie Glenn,<br>Defendant. | ) | |

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a

1

whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The Defendant decided to represent himself in this case. As I explained to you, he has a Constitutional right to do so. His decision to do that has no bearing on his guilt or innocence, and it should have no effect on your consideration of the case.

2

Because the Defendant, Mr. Glenn, has decided to act as his own lawyer, you heard him speak at various times during the trial. For example, he asked questions of witnesses, made objections, and gave a closing argument. I want to remind you that when Mr. Glenn spoke in these parts of the trial, he was acting as a lawyer in the case, and his words were not evidence – to be used either for or against him. When he was speaking at these times, he was not testifying and you should not consider his words as testimony. I remind you that the only evidence in the case is the testimony of witnesses sworn in under oath and the exhibits that were admitted into evidence during the trial.

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the

most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.

There is no legal difference in the weight you may give to either direct or circumstantial evidence.

We seek a fair trial for all regardless of what language they speak. As you all saw, we had multiple interpreters assist us through the trial. Basically, those interpreters were only here to help us communicate during the proceedings. That is, to enable us to understand testimony, given in Spanish or American Sign Language languages, in the English language. The interpreters are not parties in the case, they have no interest in the case, and are completely neutral persons. They do not work for either party in this case. Their sole responsibility is to enable us to communicate with each other.

You should treat the interpretation of a witness's testimony as if the witness had spoken English and no interpreter was present. Do not allow the fact that testimony is given in a language other than English influence you in any way.

If any of you understand the language of the witness, disregard completely what the witness said in his or her language.

5

Consider as evidence only what was provided by the interpreter in English. If you think an interpreter made a mistake, you may bring it to the attention of the Court, but you should make your deliberations on the basis the official English interpretation.

Members of the jury, in that same regard, documents, audio recordings, and video recordings were translated from the Spanish and Arabic languages to the English language over the course of this trial. Those translations were admitted as evidence in this case.

I admitted those transcripts for the limited and secondary purpose of helping you follow the content of the document, or the conversation that you heard in some recordings.

But you are specifically instructed that whether the transcript correctly reflects the content of the conversation is entirely for you to decide based on your own evaluation and examination of the transcript in relation to viewing the documents or hearing the recordings themselves. In other words, the primary evidence is the contents of the documents, audio, or video recordings themselves.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

Certain charts and summaries have been admitted in evidence, to either summarize voluminous data or to aid you in your deliberations. However, I caution you that charts and summaries are only as good as the underlying supporting material – that is, the exhibits that they come from or rely upon. You should, therefore, give them only such weight as you think the underlying material deserves.

If you have any questions about the information in the summary charts, I instruct you to review the underlying exhibits to which they pertain.

You have been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say,

and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

Members of the Jury: If a witness was questioned about earlier statements or testimony the witness made, the questioning was permitted to aid you in evaluating the truth or accuracy of the

witness's testimony at this trial.

A witness's earlier testimony or statements are not ordinarily offered or received as evidence of their truth or accuracy. They are pointed out to give you a comparison and to help you decide whether you believe the witness's testimony.

Whether those prior statements are consistent or inconsistent with the witness's trial testimony is entirely up to you. You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

Evidence that the Defendant was previously convicted of a crime is not evidence of guilt of the crimes in this trial. But you may use the evidence to decide whether you believe the Defendant's testimony.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept all of the witness's opinions. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. You must not consider any of this evidence to decide whether the Defendant engaged in the

activity alleged in the indictment.

But you can consider this evidence to decide whether:

1.   The Defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

2.   The Defendant had a motive or the opportunity to commit the acts charged in the indictment;

3.   The Defendant acted according to a plan or in preparation to commit a crime; or

4.   The Defendant committed the acts charged in the indictment by accident or mistake.

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

In a moment, I will give you instructions on the specific charges here. Before that, though, I would like you to understand some of the phrases that you will see in each charge.

You will see that the indictment charges that a crime was committed "on or about" a certain date. The Government does not have to prove that the crime occurred on an exact date. The

Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

It is possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged. Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A

Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty,

the punishment is for the Judge alone to decide later.

## Introduction to Offense Instructions

The indictment charges ten separate crimes, called "counts," against the Defendant. Each count has a number. You will be given a copy of the indictment to refer to during your deliberations.

I will give you further instructions on each count in a moment, but will give you an overview now. In the indictment, the Defendant is charged with the following:

In Counts 1 and 5, the Defendant is charged with *conspiracy* offenses. A conspiracy is an agreement by two or more persons to commit an unlawful act. The Defendant is charged with knowingly and willfully conspiring with others to engage in sex trafficking of minors, and sex trafficking through means of fraud, in Honduras. The difference between Counts 1 and 5 are the time periods, co-conspirators, and minors they involve. Count 1 pertains to the time period between February 2010 and June 2010. Count 5 pertains to a different time period – March 2012 to February 27, 2014.

In Counts 2, 8, and 9, the Defendant is charged with *attempt* offenses. In some cases, it is a crime to attempt to commit an offense – even if the attempt fails. The Defendant is charged with

attempting to commit sex trafficking of minors, and sex trafficking through means of fraud, of various minors in Honduras.

Last, the Defendant is charged with five (5) *substantive* offenses. These are neither conspiracy nor attempt offenses – but violations that the Government asserts that the Defendant committed. These are Counts 3, 4, 6, 7, and 10.

Count 3 charges that the Defendant sexually assaulted a minor in Honduras in or around March 2010.

Count 4 charges that the Defendant sexually trafficked a minor, as well as used fraud to sexually traffic that person, in or around March to June 2010.

Count 6 charges the same conduct, but with respect to a different minor and for a different time period – on or about April 7, 2012 to in or around April 2013.

Count 7 charges that on or about May 19, 2012, the Defendant traveled from Miami to Honduras to engage in illicit sexual conduct with a minor.

And, finally, Count 10 charges that the Defendant possessed child pornography images while working as a Government contractor in Iraq in May 2005.

I will now provide further detailed instructions as to these charges.

## Federal Jurisdiction

To begin with, as you heard over the course of the trial, the Defendant is charged with violating United States federal law for conduct that occurred largely outside of the United States. The only exception to this is Count 7. The Government must prove, therefore, for Counts 1 – 6 and 8 – 10, that it has what is called "jurisdiction" over the Defendant even though the alleged conduct occurred outside of the United States.

In addition to establishing these jurisdictional elements, the United States must also prove, beyond a reasonable doubt, other elements for each charge that the Defendant faces. I will address what additional elements must be proven for each count in a moment. First, I will address what is required for the Government to satisfy the jurisdiction requirement.

- Counts 1, 2, 4 – 6, 8, and 9

Under Title 18 U.S.C. Section 1596(a)(1), it is unlawful for someone who is a national of the United States to engage in conduct outside of the United States that would constitute an

16

offense under Title 18 U.S.C. Sections 1591(a)(1), 1594(a), and/or 1594(c). Title 18 U.S.C. Section 1591(a)(1) makes it a federal crime to knowingly and willfully sexually traffic a minor, or use fraud to sexually traffic a person. Title 18 U.S.C. Section 1594(a) makes it a federal crime to knowingly and willfully attempt to sexually traffic a minor, or use fraud to sexually traffic a person. Title 18 U.S.C. Section 1594(c) makes it a federal crime to knowingly and willfully conspire to sexually traffic a minor, or use fraud to sexually traffic a person.

Under Title 18 U.S.C. Section 3271(a) it is unlawful for someone, while employed by the Federal Government outside of the United States, to engage in conduct that would constitute an offense under Chapter 77 of Title 18 if the conduct had been engaged in within the United States or within the special maritime and territorial jurisdiction of the United States. I hereby instruct you that Title 18 U.S.C. Sections 1591(a)(1), 1594(a) and 1594(c) qualify as such offenses.

This means that, for Counts 1, 2, 4 – 6, 8, and 9, which charge the Defendant with sex trafficking offenses, pursuant to Title 18 U.S.C. Sections 1596 and/or 3271, the United States must prove

beyond a reasonable doubt that, at the time of the alleged conduct, the Defendant was (1) a "national of the United States," and/or (2) was employed by the Federal Government outside of the United States.

The term "national of the United States" means a citizen of the United States.

The term "employed by the Federal Government outside of the United States" means:

(A) employed as a civilian employee of the Federal Government, as a Federal contractor (including a subcontractor at any tier), or as an employee of a Federal contractor (including a subcontractor at any tier);

(B) present or residing outside the United States in connection with such employment; and

(C) not a national of or ordinarily resident in the host nation.

- Counts 3 and 10

Pursuant to Title 18 U.S.C. Section 3261, for Counts 3 and 10, which charge the Defendant with, respectively, sexual assault of a minor and possession of child pornography, the United States must prove, beyond a reasonable doubt that, during the time periods charged, the Defendant was "employed by the Armed Forces outside

of the United States."

To be "employed by the Armed Forces outside of the United States" means:

(A) employed as—

    (i) a civilian employee of—

        (I) the Department of Defense (including a non-appropriated fund instrumentality of the Department); or

        (II) any other Federal agency, or any provisional authority, to the extent such employment relates to supporting the mission of the Department of Defense overseas;

    (ii) a contractor (including a subcontractor at any tier) of—

        (I) the Department of Defense (including a non-appropriated fund instrumentality of the Department); or

        (II) any other Federal agency, or any provisional authority, to the extent such employment relates to supporting the mission of the Department of Defense overseas; or

    (iii) an employee of a contractor (or subcontractor at any tier) of—

        (I) the Department of Defense (including a non-appropriated fund instrumentality of the Department); or

        (II) any other Federal agency, or any provisional

authority, to the extent such employment relates to supporting the mission of the Department of Defense overseas;

(B) present or residing outside the United States in connection with such employment; and

(C) not a national of or ordinarily resident in the host nation.

I will now address the additional elements required for each charge.

### Counts 1 and 5
**Conspiracy to Engage in Sex Trafficking of Children or by Fraud Committed by a National of the United States or by a Person Employed by the Federal Government Outside of the United States**

It is a separate federal crime for anyone to conspire or agree with someone else to do something that would be another federal crime if it was actually carried out. In this case, the Defendant is charged in Counts 1 and 5 with conspiring with others, known and unknown, to violate Title 18 U.S.C. Section 1591(a)(1).

Title 18 U.S.C. Section 1591(a)(1) makes it a federal crime for anyone, in or affecting foreign commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person (1) knowing or in reckless disregard of the fact that means of fraud will be used to cause the person to engage in a commercial sex act; or (2) knowing or in reckless disregard of the fact that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act. Title 18 U.S.C. Section 1594(c) makes it a federal crime to knowingly and willfully combine, conspire, confederate, and agree with others to violate Title 18 U.S.C. Section 1591(a)(1).

Counts 1 and 5 are, thus, *conspiracy* offenses. A "conspiracy"

is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together *all* the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The Government does not have to prove that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

If a Defendant played only a minor part in the plan but had a

general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. <u>Also</u>, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

In addition, some of the people who may have been involved in the events charged in the indictment are not on trial before you. This does not matter and should not enter into your deliberations. There is no requirement that all members of a conspiracy be charged and prosecuted, or that they all be tried together in one proceeding.

In order to find the Defendant guilty of Count 1 or Count 5, all of the following elements must be proved to you beyond a reasonable doubt, for each count:

(1)   two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2)    the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3)    the object of the unlawful plan was to recruit, entice, harbor, transport, provide for, obtain, or maintain, by any means, at least one of the following alleged minors to which the count pertains:

- For Count One: at least one of the following alleged minors: D, F, I or K; and

- For Count Five: at least one of the following alleged minors: A, B, G, H, or J.

(4)    the Defendant knew, or was in reckless disregard of the fact, that either (a) means of fraud would be used to cause the person to engage in a commercial sex act, or (b) the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

(5)    the Defendant's acts were in or affected foreign commerce.

In addition, as explained above, on pages 17–21 (addressing jurisdiction), the Government must prove that, at the time that the Defendant participated in the conspiracy, the Defendant was a national of the United States or he was employed by the Federal Government outside the United States.

A "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person. "Things of value" include tangible and intangible items. The sex act

does not have to occur simultaneous to the giving or receiving of something of value by or to any person.

If the Government proves beyond a reasonable doubt that the Defendant had a reasonable opportunity to observe the person that was recruited, enticed, harbored, transported, provided, obtained, or maintained, then the Government does not have to prove that the Defendant in fact knew that the person had not attained the age of 18 years.

To act with "reckless disregard of the fact [. . .] that such person had not obtained the age of 18 years and would be caused to engage in a commercial sex act" means to be aware of but consciously and carelessly ignore facts and circumstances clearly indicating that the person was under 18 years of age and would be caused to engage in a commercial sex act.

"Fraud" means any deliberate act of deception, trickery or misrepresentation.

To act with "reckless disregard of the fact [. . .] that fraud would be used to cause a person to engage in a commercial sex act" means to be aware of but consciously and carelessly ignore facts and circumstances clearly indicating that fraud would be used to

cause a person to engage in a commercial sex act.

"Foreign commerce" means the flow of commerce or business activities between a foreign country and the United States. The phrase "in commerce" refers to acts and transactions that impact a foreign country and the United States. Even if the Defendant's acts did not cross country borders, the Defendant acts were "in commerce" if he used instrumentalities of foreign commerce to facilitate his acts. Such instrumentalities include, but are not limited to, vehicles made in the United States, bank accounts based in the United States, hotels that are based in the United States or which service United States and/or foreign travelers, the Internet, and passports issued by the United States.

Alternatively, in determining whether the Defendant's conduct "affected foreign commerce," you may also consider whether he used means or facilities of commerce, such as vehicles made in the United States, bank accounts based in the United States, hotels that are based in the United States or which service United States and/or foreign travelers, the Internet, and passports issued by the United States, or whether the Defendant's conduct affected foreign commerce by virtue of the fact that he purchased items that had

moved in foreign commerce. Acts and transactions that are economic in nature and affect the flow of money in the stream of foreign commerce to any degree, however minimal, also "affect" foreign commerce.

**Counts 2, 8, and 9**
**Attempt to Engage in Sex Trafficking of Children or by Fraud**
**Committed by a National of the United States or by a Person**
**Employed by the Federal Government Outside of the United**
**States**

In some cases, it is a crime to attempt to commit an offense – even if the attempt fails. In this case, the Defendant is charged in Counts 2, 8, and 9 with attempting to commit sex trafficking of children, or attempting to commit sex trafficking by fraud, in violation of Title 18 U.S.C. Section 1594(a). The same way that it is a separate federal crime to conspire to commit a federal offense, versus committing the offense itself, here it is also a separate federal crime for someone to attempt to commit the federal offense.

Indeed, as I have told you, Title 18 U.S.C. Section 1591(a)(1) makes it a federal crime for anyone, in or affecting foreign commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person (1) knowing or in reckless disregard of the fact that means of fraud will be used to cause the person to engage in a commercial sex act; or (2) knowing or in reckless disregard of the fact that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act. Title 18 U.S.C. Section 1594(a) makes it a federal crime to

knowingly and willfully attempt to violate Title 18 U.S.C. Section 1591(a)(1).

Counts 2, 8, and 9 are, thus, *attempt* offenses. In order to find the Defendants guilty of Counts 2, 8, and 9, all of the following elements must be proved to you beyond a reasonable doubt, for each count:

(1)    the Defendant knowingly and willfully intended to recruit, entice, harbor, transport, provide for, obtain, or maintain, by any means, the person named in the indictment;

(2)    the Defendant knew, or was in reckless disregard of the fact, that either (a) means of fraud would be used to cause the person to engage in a commercial sex act, or (b) the person had not attained the age of 18 years and would be caused to engage in a commercial sex act;

(3)    the Defendant's intention was strongly corroborated by his taking a substantial step towards committing the crime; and

(4)    the Defendant's acts were in or affected foreign commerce.

In addition, as explained above, on pages 17–21 (addressing jurisdiction), the Government must prove that, at the time that the Defendant participated in the conspiracy, the Defendant was a national of the United States or he was employed by the Federal

Government outside the United States.

A "substantial step" is an important action leading up to committing of an offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

The definitions for "commercial sex act," "reckless disregard of the fact …," and "foreign commerce," which can be found on pages 25–27, all apply to this jury instruction for Counts 2, 8, and 9. Please refer to those definitions to aid you here.

## Count 3
## Sexual Assault of a Minor Committed by a Person Employed by the Armed Forces Outside of the United States

Count 3 charges the Defendant with Sexual Assault of a Minor Committed by a Person Employed by the Armed Forces Outside of the United States, in violation of Title 18, United States Code, Sections 2243(a) and 3261(a)(1). Title 18 U.S.C. Section 2243(a) makes it a federal crime for anyone within the special maritime and territorial jurisdiction of the United States to engage in a sexual act with a person who is at least 12 years old but younger than 16 years old, and who is at least four years younger than the person engaging in the conduct.

Title 18 U.S.C. Section 3261(a)(1) makes it a federal crime or offense for someone, while employed by the Armed Forces outside of the United States, to engage in conduct that would constitute an offense punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States. Ladies and gentlemen, I instruct you that 18 U.S.C. Section 2243(a) is such an offense.

The Defendant can be found guilty of Count 3 only if all the following elements are proved to you beyond a reasonable doubt:

31

(1)   the Defendant knowingly engaged in a sexual act outside the United States with MINOR D;

(2)   at the time the sexual act occurred, MINOR D was at least 12 years old but less than 16 years old; and

(3)   at the time the sexual act occurred, MINOR D was at least four (4) years younger than the Defendant.

In addition, as explained above, on pages 17–21 (addressing jurisdiction), the Government must prove that, at the time that the offense occurred, the Defendant was employed by the Armed Forces outside the United States.

The Government does not need to prove that the Defendant knew that the victim was younger than 16 years old, or that he knew that she was at least four years younger than him.

The term "sexual act" means the following:

• contact between the penis and the vulva, or the penis and the anus, involving penetration however slight; or

• contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

• the penetration – however slight – of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person; or

• an intentional touching – not through the clothing – of the genitalia of a person younger, with the intent to

32   than 16 and older than 12

abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person.

## Counts 4 and 6
## Sex Trafficking of Children or by Fraud Committed by a National of the United States or a Person Employed by the Federal Government Outside of the United States

Counts 4 and 6 charge the Defendant with sex trafficking of children, or sex trafficking by fraud, in violation of Title 18, United States Code, Section 1591(a)(1). As you have been instructed, and I will reiterate here, Title 18 U.S.C. Section 1591(a)(1) makes it a federal crime for anyone, in or affecting foreign commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person (1) knowing or in reckless disregard of the fact that means of fraud will be used to cause the person to engage in a commercial sex act; or (2) knowing or in reckless disregard of the fact that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.

In order to find the Defendant guilty of Counts 4 or 6, all of the following elements must be proved to you beyond a reasonable doubt, for each count:

(1)   the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means the person named in the indictment;

(2)   the Defendant knew, or was in reckless disregard of

the fact, that either (a) means of fraud would be used to cause the person to engage in a commercial sex act, or (b) the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

(3)   the Defendant's acts were in or affected foreign commerce.

In addition, as explained above, on pages 17–21 (addressing jurisdiction), the Government must prove that, at the time that the Defendant committed the offense, the Defendant was a national of the United States or he was employed by the Federal Government outside the United States.

The definitions for "commercial sex act," "reckless disregard of the fact …", and "foreign commerce," which can be found on pages 25–27, all apply to this jury instruction for Counts 4 and 6. Please refer to those definitions to aid you here.

## Count 7
## Travel with Intent to Engage in Illicit Sexual Conduct

It is a Federal crime to travel in foreign commerce for the purpose of engaging in illicit sexual conduct.

The Defendant can be found guilty of this crime only if both the following facts are proved beyond a reasonable doubt:

(1) the Defendant traveled in foreign commerce; and

(2) the Defendant traveled for the purpose of engaging in illicit sexual conduct.

For purposes of this offense, the term "illicit sexual conduct" means a commercial sex act with a person under 18 years of age

A "commercial sex act" means any sex act, for which anything of value is given to or received by any person. "Things of value" include tangible and intangible items. The sex act does not have to occur simultaneous to the giving or receiving of something of value by or to any person.

The Government does not have to show that the Defendant's only purpose in traveling in foreign commerce was to engage in illicit sexual conduct, but the Government must show that it was one of the motives or purposes for the travel. In other words, the Government must show that the Defendant's criminal purpose was

not merely incidental to the travel.

"Foreign commerce" is the movement or transportation of a person from a place within the United States to a place outside the United States.

The Defendant asserts that though he may have committed the acts charged in the indictment, the Defendant reasonably believed that MINOR A was 18 years or older at the time of the acts charged in the indictment. If you find that the Government has proven beyond a reasonable doubt both elements of the offense, then you should consider whether the Defendant has come forward and presented sufficient evidence to prove this defense. The Defendant has to prove, by a preponderance of the evidence, that he reasonably believed that MINOR A was 18 years or older at the time of the acts charged in the indictment. This is sometimes called the "burden of proof" or "burden of persuasion." A preponderance of the evidence simply means an amount of evidence that is enough to persuade you that the Defendant's claim is more likely true than not true. If you find that the Defendant has met this burden of proof, then you should find the Defendant not guilty of Count 7, Travel with Intent to Engage in Illicit Sexual Conduct

## Count 10
## Possession of Child Pornography
### (Possession of Visual Depiction of Minor Engaged in Sexually Explicit Conduct) by a Person
### Employed by the Armed Forces Outside of the United States

It is a Federal crime to knowingly possess any matter containing any visual depiction of a minor engaged in sexually explicit conduct.

The Defendant can be found guilty of Count 10 only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly possessed any matter which contained any visual depiction;

(2) the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

(3) the Defendant knew that the visual depiction is of such conduct; and

(4) at the time he possessed such matter, the Defendant knew that at least one of the performers in the visual depiction was a minor.

In addition, as explained above, on pages 17–21 (addressing jurisdiction), the Government must prove that, at the time that the offense occurred, the Defendant was employed by the Armed Forces outside the United States.

"Minor" is any person under 18 years old.

38

An "identifiable minor" is a person who was a minor when the visual depiction was created, adapted, or modified and who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature. The Government does not have to prove the actual identity of the identifiable minor.

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer media or by other electronic means that can be converted into a visual image.

The term "sexually explicit conduct" means actual or simulated:

- sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

- masturbation;

- sadistic or masochistic abuse; or

- lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a

lascivious exhibition.

To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:

- the overall content of the material;

- whether the focal point of the visual depiction is on the minor's genitalia or pubic area;

- whether the setting of the depiction appears to be sexually inviting or suggestive – for example, in a location or in a pose associated with sexual activity;

- whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

- whether the minor is partially clothed or nude;

- whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and

- whether the depiction appears to have been designed to elicit a sexual response in the viewer.

A visual depiction need not have all these factors to be a lascivious exhibition.

## Theory of Defense Instruction

Christopher Glenn was indicted by the United States Government on February 18, 2014, in Case No. 14-CR-80031 in the Southern District of Florida for Unauthorized Access, Willful Retention and Failure to Deliver National Defense Information; Exceeding Authorized Access to a Computer Obtaining National Defense Information and Willfully Retaining that Information; and Conspiracy to Commit Naturalization Fraud and other charges. Christopher plead guilty to the above three Counts on January 23, 2015, and was sentenced on July 31, 2015.

Christopher Glenn was debriefed by the United States Government to determine if he disclosed this secret information to an unauthorized third party or if not, to determine the identity of the unauthorized third party to whom he intended to disclose the information. Christopher Glenn denied that this information was disclosed or that it was to ever be disclosed to unauthorized third parties.

Christopher Glenn claims that the United States Government, being dissatisfied with the debriefing of Christopher Glenn, filed a criminal complaint in this case on August 3, 2015, just three (3)

days after Christopher Glenn was sentenced in the espionage case. He claims the prosecution of this case was to further punish him by bringing a case investigated by the Honduran government for trial in the United States and to secure a second conviction against Glenn at great expense and at any cost.

If you find that the United States Government brought this case to further quiet and punish Christopher Glenn for the espionage case, you may consider whether this creates a reasonable doubt as to Christopher Glenn's guilt in this case.

If you find that the United States Government fabricated evidence and manipulated and purchased the false testimony of the witnesses in this case and that this causes you to have a reasonable doubt about the Defendant's guilt, you should find Christopher Glenn not guilty.

### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must

discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write

down your message or question and give it to the United States Marshal or Court Security Officer ("C.S.O."). The Marshal or C.S.O. will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.